### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **HAROLD POPE, et al.,** ] | |
| ] | |
| **Plaintiffs,** ] | |
| ] | |
| v. ] | CV-04-BE-2373-E |
| ] | |
| **WASHINGTON NATIONAL** ] | |
| **INSURANCE COMPANY, et al.,** ] | |
| ] | |
| **Defendants.** ] | |
| ] | |

### MEMORANDUM OPINION AND ORDER

Currently pending before the court is the plaintiffs' motion to remand (doc. # 7) this case to the Circuit Court of Cherokee County, Alabama. The Pope's five-count complaint alleges causes of action against defendants Washington National Insurance Company, Conseco Services, LLC, Trustmark National Bank, and insurance agent Melvin C. Fields. For the reasons stated below, the motion is GRANTED and this case remanded to the Circuit Court of Cherokee County, Alabama.

The allegations of the complaint arise from a group health insurance policy that the Popes purchased from Washington National on October 1, 1995. The plaintiffs allege that the defendants made certain representations about the nature of the policy's coverage and method of calculating premiums. According to the plaintiffs, they were told that the policy was a group policy whereby all policyholders would be charged the same premiums as those charged of the group. However, the Popes also contend that the defendants did

1

not disclose that their premiums would be calculated based on factors other than the group claims experience. Specifically, the plaintiffs allege that they were not told that they "would be placed in a tier or category with the other policyholders who suffered significant illness or injury," thereby increasing their premiums to exorbitant amounts.

The Popes' insurance premiums steadily increased, rising from $600 every three months in 1995 to over $4,000 every three months in 2000.[1] In April 2000, the plaintiffs cancelled the policy because of their inability to afford the premiums. However, the Popes contend that they did not discover that their premiums were being calculated based on factors other than the bona fide group claims experience until May 2003. The plaintiffs filed suit in the Circuit Court of Cherokee County against the defendants on June 28, 2004 for fraud, fraudulent concealment, conspiracy, breach of fiduciary duty, and breach of contract.

On August 2, 2004, the defendants removed the case invoking the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). In their removal petition, the defendants argue that Fields, the only non-diverse defendant,[2] has been fraudulently joined. According to Washington National and the other defendants, Fields has been fraudulently joined because no reasonable possibility exists that the plaintiffs can prevail on any of the causes of action alleged against Fields in their complaint. The defendants contend that the

---

[1] *See* Compl ¶ 10-20.

[2] The plaintiffs and Fields are both Alabama residents.

2

allegations of fraud, fraudulent concealment, conspiracy, and breach of fiduciary duty claims against Fields are barred by Alabama's two-year statute of limitations. *See Kelly v. A.L. Williams Corp.*, 669 F. Supp. 1058, 1062 (N.D. Ala. 1986) (holding that Alabama's statute of limitations for fraud accrues "once the fraud is readily discoverable or the potential plaintiff is on notice that a fraud may have been perpetrated.").

The plaintiffs filed a motion to remand on September 7, 2004. In support of their motion, the plaintiffs advance two primary arguments. First, the Popes argue that the defendants' statute of limitations argument cannot establish Fields' fraudulent joinder because the court's resolution of the statute of limitations issue would also bar claims against the non-resident defendants. The plaintiffs rely on the Third Circuit's holding in *Boyer v. Snap-On Tools, Inc.*, 913 F.2d 108 (3rd Cir. 1990), and the Fifth Circuit's holding in *Smallwood v. Illinois Cent. R. Co.*, No. 02-60782, 2004 WL 2047314 at *5 (5th Cir. Sept. 10, 2004). In other words, the plaintiffs contend that the determination of the statute of limitations question would operate as a determination of the merits of the entire case.

Next, even assuming the non-applicability of *Boyer* and *Smallwood*, the plaintiffs contend that, under the established law of this Circuit, the defendants cannot demonstrate no possibility that a state court would conclude that the statute of limitations does not bar their claims against Fields. In support of their second argument, the Popes contend that the drastic increase in premiums beginning in 1996 and culminating in the 2000

cancellation of the policy did not put them on notice of the alleged fraud because it did not provide them with the necessary information from which to discover the true nature of the policy and method used by Washington National in calculating insurance premiums.

The defendants vehemently oppose the motion to remand, arguing that the Eleventh Circuit has not adopted *Boyer* and *Smallwood's* holdings and, thus, they are not binding on this court. Instead, Washington National and the other defendants argue that the clear weight of authority from other Alabama federal courts directly contravenes *Boyer* and *Smallwood*. *See e.g., Russell Petroleum Corp. v. Environ Prod. Inc.*, No. 2:04cv440-T, 2004 WL 1798309, at *3 (M.D. Ala. Aug. 10, 2004); *Owens v. Life Ins. Co. of Georgia*, 289 F. Supp.2d 1319, 1325 (M.D. Ala. 2003); *Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F. Supp. 1213, 1222 (S.D. Ala. 1998) (noting that, when claims are barred by the statute of limitations, no possibility exists that the plaintiff can establish a cause of action against the resident defendant).

The court has carefully reviewed the plaintiffs' motion to remand (doc. # 7) and the defendants' brief and evidentiary materials in opposition to the motion to remand. Based on its review of the above-referenced submissions, the court concludes that defendant Melvin C. Fields has not been fraudulently joined and that his Alabama citizenship cannot be disregarded for removal purposes. Consequently, the plaintiffs' motion to remand is due to be GRANTED.

Federal courts are courts of limited jurisdiction and are "empowered to hear only

those cases within the judicial power of the United States as defined by Article III of the Constitution." *University of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (citing *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).  A district court should presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).  When the parties disagree on the court's jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court on a properly submitted motion to remand.  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  A defendant bears the heavy burden of demonstrating that removal is jurisdictionally proper.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

The defendants' ability to remove a case pursuant to 28 U.S.C. § 1441 cannot be defeated by the fraudulent joinder of a residential defendant who has no real connection to the controversy.  *Wilson*, 257 U.S. at 97.  The defendant has the burden of proving fraudulent joinder by clear and convincing evidence.  *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citing *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989)).  The court looks to the complaint at the time of removal and if necessary, submissions outside the pleadings, such as deposition testimony and affidavits, to determine whether the defendant has met its burden of proof.  *Id*.  The court is also required to evaluate all factual issues in the light most favorable to the plaintiff and

resolve any uncertainties about state substantive law in favor of the plaintiff. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983) (citing *Bobby Jones Garden Apartments v. Suleski*, 391 F.2d 172, 177 (5th Cir. 1968)).[3]

To prove fraudulent joinder, the defendants must prove that the plaintiffs cannot establish a cause of action against the resident defendant or that the plaintiffs have fraudulently pled jurisdictional facts to bring the residential defendants into state court. *Crowe,* 113 F.3d at 1538. As it relates to the first prong of the fraudulent joinder analytical paradigm, "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an *arguable one under state law*." *Crowe*, 113 F.3d at 1538 (emphasis added). Courts have interpreted this standard as requiring a reviewing court to determine "whether there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved." *Crowe*, 113 F.3d at 1540 (citing *Bobby Jones Garden Apartments*, 391 F.2d at 176-77).

In this case, the court's diversity jurisdiction depends upon whether the defendants can prove by clear and convincing evidence that Fields was fraudulently joined. If the court determines that Fields was fraudulently joined, then the remaining defendants are completely diverse from the plaintiffs, thus, satisfying the complete diversity of citizenship requirement. *See e.g., Strawbridge v. Curtiss,* 7 U.S. 267 (1806). The court concludes

---

[3]In *Bonner v. City of Pritchard, Ala.,* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

that the defendants have not carried their burden of establishing fraudulent joinder because a reasonable possibility exists that the statute of limitations will not bar the plaintiffs' claims against Fields.

The Popes argue that the Third Circuit's decision in *Boyer* and the Fifth Circuit's decision in *Smallwood* are on-point, persuasive authority for the remand of this case. In *Boyer*, the Third Circuit held that, when colorable claims or defenses are asserted against diverse and non-diverse defendants, the court may not conclude that the non-diverse defendants were fraudulently joined based on the *merits* of those defenses. 913 F.2d at113.  In that case, the Third Circuit reasoned that the district court, in the guise of deciding whether the joinder was fraudulent, strayed from the threshold jurisdictional issue and instead issued a decision of the merits about an issue that was clearly within the ambit of the state court. *Boyer*, 913 F.2d at 112.

More recently, in *Smallwood*, the Fifth Circuit held that "when a nonresident defendant's showing that there is no reasonable basis for predicting that state law would allow recovery against an in-state defendant *equally disposes of all defendants*, there is no improper joinder of the in-state defendant." *Smallwood*, 385 F.3d at 1 (emphasis added). In that case, the court reasoned that the district court's conclusion about the non-viability of the claims against the non-diverse defendant effectively decided the case against the diverse defendants as well and thus, the fraudulent joinder issue was one based on the "merits" to be decided by the state court. *Id*.

Mindful of its duty to refrain from ruling on issues that are unnecessary to the resolution of this case, the court declines the plaintiffs' invitation to decide an issue of first impression in this Circuit. Given the unique facts of this case, the court need not decide whether to apply the "common defense" analysis adopted by the Third and Fifth Circuits because the defendants have not sufficiently demonstrated no possibility that a state court would find that the plaintiffs timely asserted claims against Fields.

In Alabama, the statute of limitations for fraud claims begins to run when the plaintiff discovers or should have discovered the fraud. Ala. Code § 6-2-3 (1986). Similarly, the statute of limitations for conspiracy begins to run when the statutory period of limitations begins to run for the underlying tort. *Spain v. Brown & Williamson Tobacco Corp.*, 872 So. 2d 101, 126 (Ala. 2003). The limitations period for breach of fiduciary duty grounded in fraud begins to run when plaintiffs are on such notice that the fraud reasonably should have been discovered. *Gamble v. Amer. Fidelity Life Ins. Co.*, 1998 WL 1171610, *5 (S.D. Ala. 1998). Consequently, all the claims asserted against Fields have a two-year statute of limitations from the discovery of the allegedly fraudulent action.

In interpreting the accrual standard for fraud and fraud-based claims, the Alabama Supreme Court holds that the statute of limitations begins to run when the plaintiff was privy to facts which would "provoke inquiry in the mind of a [person] of reasonable prudence, and which, if followed up, would have led to the discovery of the fraud." *Auto-

*Owners Ins. Co. v. Abston*, 822 So.2d 1187, 1195 (Ala. 2001) (internal citations and quotations omitted).  Of paramount importance in this case is the principle that the question of whether a person discovered or should have discovered fraud, for statute of limitations purposes, is generally a question of fact for the jury.  *Liberty Nat'l Life Ins. Co. v. McAllister*, 675 So. 2d 1292, 1297 (Ala. 1995); *Collins v. Burns*, 666 So. 2d 530, 534 (Ala. 1995).

The Popes' complaint clearly alleges that they were not put on notice of what they characterize as the fraudulent method of calculating premiums and other misrepresentations about the nature of the policy until May 2003.  According to the plaintiffs, they had no reason to suspect that the increase in premiums was not based on the group claims experience or not otherwise attributable to some other non-fraudulent occurrence.  Given this argument, which is plausible given the nature of the alleged misrepresentation contained in the complaint, the court concludes that the plaintiffs at least have an arguably reasonable possibility of establishing that the statute of limitations did not begin to accrue when the premiums began to increase in 1996 but in May 2003 as alleged in the complaint.

In concluding that the plaintiffs have a reasonable possibility of success of their fraud and fraud-based claims against the defendants, the court emphasizes that nothing in this Memorandum Opinion should be construed as a substantive evaluation of the merits of the plaintiffs' claims under Alabama law.  That determination will ultimately fall to the

Cherokee County Circuit Court. The court merely concludes that, given the deferential standard of review and the defendants' heavy burden of proving fraudulent joinder, a reasonable probability exists that an Alabama court interpreting Alabama law could conclude that the plaintiffs were not put on notice of the defendants' allegedly fraudulent conduct until May 2003.

Because the defendants have not satisfied their burden of proving fraudulent joinder, defendant Fields' citizenship cannot be disregarded for removal purposes. Consequently, the court does not have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Accordingly, the court ORDERS that the plaintiffs' motion to remand (doc. # 7) is hereby GRANTED and this case is REMANDED to the Circuit Court of Cherokee County, Alabama. The court does not rule on the pending motions to dismiss (docs. # 2 & 3) given the lack of subject matter jurisdiction. The Clerk of Court is DIRECTED to take any action necessary to accomplish the remand of this case to the Circuit Court of Cherokee County, Alabama.

Done this the 28th day of February, 2005.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE